IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID-PAUL LEE,

        Petitioner,

v.

DBA, et al.,

        Respondents.

Case No. 3:15-cv-00805-ST

ORDER

HERNANDEZ, District Judge.

On May 11, 2015, petitioner filed what appears to be a 28 U.S.C. § 2254 habeas corpus action against a variety of judges, prosecutors, court clerks, and others. It is not clear from the Petition that petitioner is currently in custody,[1] and federal habeas corpus only law permits prisoners to challenge the validity of convictions under which they are "in custody." *Garlotte v. Fordice*, 515 U.S. 39, 43-44 (1995); *Feldman v. Perrill*, 902 F.2d 1445, 1446 (9th Cir. 1990); *Brock v. Weston*, 31 F.3d 887, 889 (9th

---

[1] Petitioner's current address does not appear to be a correctional facility.

1 - ORDER

Cir. 1994). Once a habeas petitioner's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole--some 'collateral consequence' of the conviction--must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The custody requirement must be satisfied at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Feldman*, 902 F.2d at 1448.

In addition, "[t]he proper respondent in a federal habeas corpus petition is the petitioner's immediate custodian." *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (citation omitted); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). This person is typically the warden of the facility in which the petitioner is incarcerated. *Stanley*, 21 F.3d at 360 (citing *Brittingham*, 982 F.2d at 379). Where the petitioner is on probation or parole, the proper respondents are his probation or parole officer and the official in charge of the parole or probation agency. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). Where the petitioner is subject to future custody pursuant to a state-court judgment, he "must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." Rule 2(b) of the Rules Governing Section 2254 Cases. It does not appear that petitioner names the appropriate respondent(s) to this action.

Moreover, Local Rule 81-1 requires petitions under 28 U.S.C. § 2254 to be filed on forms provided by the court. Petitioner has not utilized this form. Accordingly, the court summarily dismisses the Petition for Writ of Habeas Corpus (docket #1). *See* 28 U.S.C. § 2254(b); Rule 4, Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (permitting summary dismissal of petition). Should petitioner wish to continue with this case, he must file an amended petition within 30 days on the form to be provided by the court. Petitioner is ADVISED that the amended petition must name his proper respondent(s), cannot incorporate any part of his original Petition by reference, and must identify the custody to which he is currently subject and that he seeks to challenge in this case.

Petitioner is FURTHER ADVISED that a petitioner seeking habeas relief must first exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). If petitioner has not fairly presented his claims to the Oregon state courts, they will either be considered premature, or procedurally defaulted. Under either scenario, the claims will be ineligible for federal court review.

Because the court summarily dismisses the Petition for Writ of Habeas Corpus, it also denies petitioner's Petition for Restraining

3 - ORDER

Order (docket #4). Although petitioner believes he is entitled to a default judgment based upon respondents' failure to respond to his Petition, it does not appear respondents were ever served with a copy of the Petition. Moreover, where the court *sua sponte* dismisses the Petition, respondents are not obligated to file a responsive pleading. Accordingly, the Motion for Default Judgment (docket #5) is denied.

### CONCLUSION

The Petition for Writ of Habeas Corpus (docket #1) is summarily dismissed with leave to amend. Should petitioner wish to continue with this case, he must file an amended petition within 30 days which complies with the terms of this Order. His failure to do so within the time allotted will result in the dismissal of this case, without prejudice.

Petitioner's Petition for Restraining Order (docket #4) and Motion for Default Judgment (docket #5) are denied. The Clerk of Court is DIRECTED to send petitioner a form 28 U.S.C. § 2254 habeas corpus form for his use.

IT IS SO ORDERED.

DATED this 1 day of June, 2015.

_____
Marco A. Hernandez
United States District Judge

4 - ORDER